United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.A. LOCAL 342 JOINT LABOR-MANAGEMENT COMMITTEE, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>SOUTH CITY REFRIGERATION, INC.,<br><br>Defendant.<br>_____/ | No. C-09-3219 JCS<br><br>**ORDER RE MOTION TO REOPEN CASE & ENTER STIPULATED JUDGMENT AND MOTION BY FISHER AND PHILLIPS LLP TO BE RELIEVED AS COUNSEL [Docket Nos. 14, 17]** |

## I.  INTRODUCTION

This action was conditionally dismissed on October 14, 2009, after the parties entered into a settlement agreement and stipulation for entry of judgment. Defendant defaulted on the settlement agreement and so Plaintiffs now bring a Motion to Reopen Case & Enter Stipulated Judgement ("Motion to Reopen"). Also before the Court is a Motion by Fisher & Phillips LLP to be Relieved As Counsel ("Motion to Withdraw"). The parties consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court GRANTS in part and DENIES in part the Motion to Reopen. The Motion to Withdraw is GRANTED.

## II.  BACKGROUND

Plaintiffs in this action are multi-employer employee benefit plans ("the Plans") pursuant to the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(3), (37) & 29 U.S.C. § 1132(d)(1). Complaint, ¶ 3. In their complaint, Plaintiffs allege that Defendant South City Refrigeration, Inc., is an employer and a signatory to a Letter of Assent binding it to the terms of a collective bargaining agreement which, in turn, requires that Defendant make contributions to the Plans on behalf of its employees. *Id*., ¶¶ 6-7. The complaint further alleges that Defendant failed to

make required contributions for the month of May 2009, in the amount of approximately $5,000.00, and that Defendant is liable for an additional $3,467.07 in liquidated damages and interest. *Id.*, ¶¶ 12-13.

On October 12, 2009, the parties entered into a settlement agreement, set forth in a Stipulation for Entry of Judgment. *See* Declaration of Sonya M. Gordon in Support of Motion to Reopen Case & Enter Stipulation for Entry Of Judgment ("Gordon Decl."), Ex. A. Under the settlement agreement, Defendant agreed to pay $7,500.00 in monthly installments, beginning November 2, 2009, in full payment of Plaintiffs' claims. *Id.*, ¶ 3. The parties further agreed that if Defendant failed to make timely payments, judgment may be entered against Defendant pursuant to a Stipulation for Entry of Judgment. *Id.*, ¶ 2. In particular, the Stipulation for Entry of Judgment provides, in part, as follows:

> 2. Plaintiffs contend that an amount of $10,727.32 is presently due and owing from South City for liquidated damages, interest, and attorneys' fees. Plaintiff will accept a total of $7,500.00 in full payment of these claims so long as Defendant makes timely payments of $1,000.00 per month (and a final payment of $500), with the first payment to be received not later than close of business on November 2, 2009, and continuing each month thereafter until the full amount of $7,500.00 has been paid.
>
> . . .
>
> 4. If Defendant is late on its monthly contributions to Plaintiffs more than three times in the same period and/or is late on any of the payments required in paragraph 2 above, the Plaintiffs reserve the right to seek repayment of the amount of liquidated damages, interest, and legal fees totaling $3,227.32 that is forgiven by this agreement.
>
> 5. If Defendant defaults on the terms of this agreement, Plaintiffs can enter this stipulated judgment with the Court.

Gordon Decl., Ex. A.

On February 17, 2010, Plaintiffs filed the Motion to Reopen. According to Plaintiffs, Defendant had not made any of the required monthly payments to date, including the initial $1,000.00 payment that was to be made on November 2, 2009. Declaration of Kim Biagi in Support of Motion to Reopen Case & Enter Stipulation for Entry of Judgment ("Biagi Decl."), ¶ 2. Defendant had also been delinquent on its contribution payments for the months of August and September 2009, both of which were paid on January 20, 2010, months after they were due. *Id.* On

2

this basis, Plaintiffs ask the Court to enter judgment against Defendant in the amount of $10,727.32, that is, the $7,500.00 that Defendant agreed to pay under the settlement agreement plus the additional $3,227.32 that Plaintiffs asserted was owed to them.

On March 26, 2010, Defendant's counsel filed the Motion to Withdraw. Defendant's counsel states that Defendant has failed to follow counsel's advice, has failed to communicate effectively with counsel and has failed to pay any amount of fees due and payable. Declaration of John D. McLachlan in Support of Motion to be Relieved as Counsel ("McLachlan Decl."), ¶ 2. Under the Engagement Agreement signed by the owner of Defendant South City Refrigeration and Air Conditioning, Inc., Barbara Marchi, Defendant's counsel may withdraw from representing a client where the client has failed to pay fees or costs or where the client has failed to cooperate with counsel. *Id*., Ex. 2. Counsel notified Ms. Marchi of its intent to withdraw from representing Defendant in a letter dated December 30, 2009. *Id*., Ex. 3. After Plaintiffs filed their Motion to Reopen, Defendant's counsel sent Defendant another letter, noting that a motion to reopen had been filed and reiterating that it was no longer representing Defendant. *Id*., Ex. 4. Counsel also requested that Defendant inform them of the name of its new counsel. *Id*. Although Ms. Marchi has not responded in writing to these letters, she told attorney John McLachlan in a telephone conversation on March 3, 2010 that she intended to proceed *pro se*. *Id.*, ¶ 10.

### III.   MOTION TO REOPEN

Plaintiffs ask the Court to reopen this case pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure and enter judgment against it, pursuant to the Stipulation for Entry of Judgment, in the amount of $10,727.32. The Court concludes that it has the authority to reopen the case and enter judgment against Defendant, but reduces the amount of the judgment to $7,500.00, consistent with the stipulation by Plaintiff's counsel at oral argument.

"[I]n the usual litigation context . . . courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it." *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978). Further, disputes concerning a settlement agreement are governed by applicable state contract law. 3 Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before*

3

*Trial* (2008) Pretrial Conferences and Settlement Procedures, para. 15: 143, p. 15-61; *cf. Sherwood v. WavecrestCorp.*, 2009 WL 1066518 (N.D. Cal. April 20, 2009) ("While California law may not be controlling in the context of a motion pursuant to Rule 60(b), it serves as the appropriate guide in the absence of any controlling authority from the Ninth Circuit").

Here, the Stipulated Entry of Judgment provides that judgment shall be entered against Defendant if Defendant defaults under the agreement.   The agreement does not state, however, that judgment may be entered against Defendant in the amount of $10,727.32 in the event of a default. Rather, it simply states that Plaintiffs "reserve the right to *seek* repayment of the amount of liquidated damages, interest, and legal fees totaling $3,227 that is forgiven in this agreement." From this language, it is not apparent that Defendant agreed to the entry of judgment in the amount of $10,727.32.   On the other hand, it *is* clear that Defendant agreed to pay Plaintiffs $7,500.00 to settle the claims asserted against it.   Accordingly, that is the appropriate amount of the judgment the Court may enter against Defendant under the stipulated judgment.

### IV. MOTION TO WITHDRAW

Defendant's counsel seeks to withdraw on the basis that Defendant has failed to cooperate with its attorneys and has failed to pay any fees or costs.   The Court grants counsel's request.

Under the Local Rules, "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a).   The Local Rule further provides that "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).   In this district, courts look to the standards of professional conduct required of members of the State Bar of California in determining whether counsel may withdraw representation. *See California Native Plant Society v. United States E.P.A.*, 2008 WL 4911162 (N.D. Cal. Nov. 14, 2008).   Under California Rule of Professional Conduct 3-700(C)(1)(f), an attorney may request permission to withdraw if the client

4

"breaches an agreement or obligation to the member as to expenses or fees." An attorney may also request withdrawal on the basis of "other conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively." California Rule of Professional Conduct 3-700(C)(1)(d). The decision to grant or deny a motion to withdraw as counsel is committed to the sound discretion of the trial court. *Id.* (*citing LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir.1998)).

Here, Defendant's counsel has requested leave to withdraw, after giving Defendant written notice, on the basis that Defendant has failed to pay fees and costs due under its engagement agreement with counsel and has failed to cooperate or communicate effectively with counsel. The Court finds that these reasons support a finding of good cause to grant Defendant's counsel leave to withdraw representation. Fisher & Phillips LLP shall continue to accept service of papers in this action for sixty days.[1]

### IV.  CONCLUSION

The Motion to Reopen is GRANTED in part and Denied in part. In particular, judgment shall be entered against Defendant in the amount of $7,500.00. The Motion to Withdraw is GRANTED. The Clerk is instructed to enter judgment in favor of Plaintiff and close the file in this case.

IT IS SO ORDERED.

Dated: March 31, 2010

JOSEPH C. SPERO
United States Magistrate Judge

---

[1] The Court's entry of the stipulated judgment against Defendant will resolve in full Plaintiffs' claims this case, which will be closed upon entry of judgment. Therefore, the Court anticipates no further proceedings in this action. Should Defendant wish to appear in this action for any reason, however, it is cautioned that because it is a corporation, it may appear only through counsel. Civ. L.R. 3-9(b).